Peter J. **BRENNAN**, Secretary of Labor, etc., Plaintiff-Appellant,

v.

Refugio **PARTIDA**, Individually and doing business as Texas Cleaners, Defendant-Appellee.

No. 73-2112.

United States Court of Appeals, Fifth Circuit.

April 12, 1974.

Alfred G. Albert, Acting Sol. of Labor, George T. Avery, Regional Sol., Joan T. Winn, Atty., Dept. of Labor, Dallas, Tex., Carin Ann Clauss, Office of Sol., Donald S. Shire, Ronda L. Billig, U. S. Dept. of Labor, Washington, D. C., Jacob I. Karro, Washington, D. C., for plaintiff-appellant.

Woodrow W. Bean, II, Hector M. Zavaleta, El Paso, Tex., for defendant-appellee.

Before BELL, THORNBERRY and DYER, Circuit Judges.

DYER, Circuit Judge:

The Secretary of Labor brought this action to enjoin Partida, the owner of a self-service laundromat in El Paso, Texas, from violating the minimum wage, overtime, and recordkeeping provisions of the Fair Labor Standards Act, 29 U. S.C.A. § 201 et seq., and from continuing to withhold past wages due two attendants at the laundromat. The district court entered judgment for Partida, finding that the attendants were not "employees" within the meaning of the Act. We reverse.

Gregoria Ramos and Alicia Munoz were successively engaged as attendants between 1969 and 1972 at the Texas Self-Service Laundry No. 2, a coin-operated laundry owned by Partida. The terms and conditions of the work relationship were negotiated by neither

woman, but rather by Mrs. Ramos' son-in-law and Mrs. Munoz' husband. No written agreement was signed, but it is clear that the attendants were to open, close, and clean the laundromat. These duties required a minimum of two hours of work each day. The laundromat was to be open, according to Partida's instructions, from about 7:00 a. m. until 10:00 p. m., but it is not clear what other responsibilities were imposed on the attendants during operating hours. There is disputed testimony as to whether the attendants personally were to be present during the business hours, although it appears that they were expected to "keep their eyes" on the machines to guard against theft or damage.[1] In addition, the attendants operated a dry cleaning "pick-up station" where clothes were received and sent to a dry cleaning establishment.

As compensation for their services, the attendants and their families were furnished living space at the rear of the laundromat. Additionally, they received all profits from the laundromat's vending machines, as well as a percentage of the receipts from the dry cleaning operation.

A compliance officer from the Department of Labor calculated the amounts received by the attendants, including the constructive value of the living quarters, and determined that under the FLSA they were entitled to back pay and overtime on the basis of a fifteen hour day, seven day work-week. Because the district court concluded that the claimants were not within the purview of the Act, a determination of the compensable time the women had worked was unnecessary to the court's decision.

▄▄▄ In holding that the attendants were independent contractors rather than employees, the district judge relied on the following factors: (1) the agree-

ment of the parties was not made to evade the FLSA; (2) it was never the intention of the parties to enter into an employer-employee relationship; and (3) Partida exercised no supervision or control over the attendants. In relying on these considerations, the lower court ignored principles of settled law. An unbroken line of authority makes it abundantly clear that a determination of whether a worker is an "employee" within the Act depends on the underlying economic realities. Goldberg v. Whitaker House Cooperative, Inc., 1961, 366 U.S. 28, 81 S.Ct. 933, 6 L.Ed.2d 100; Rutherford Food Corp. v. McComb, 1947, 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772; Shultz v. Hinojosa, 5 Cir. 1970, 432 F.2d 259; Gulf King Shrimp Co. v. Wirtz, 5 Cir. 1969, 407 F.2d 508; Mitchell v. John R. Cowley & Bro., Inc., 5 Cir. 1961, 292 F.2d 105; Mitchell v. Strickland Transp. Co., 5 Cir. 1955, 228 F.2d 124; Fahs v. Tree-Gold Co-op. Growers of Florida, Inc., 5 Cir. 1948, 166 F.2d 40. The employer's good faith does not excuse his obligation to pay what is due under the Act. Nor does it matter that the parties had no intention of creating an employment relationship, for application of the FLSA does not turn on subjective intent. It is sufficient that one person "suffer or permit [another] to work." 29 U.S.C.A. § 203(g); *Rutherford Food Corp., supra,* 331 U.S. at 728–729; *Gulf King Shrimp Co., supra,* 407 F.2d at 512. Moreover, it is erroneous to focus on a single factor, such as control, and thereby fail to consider the entire circumstances of the work relationship. *Rutherford Food Corp., supra,* 331 U.S. at 730; *John R. Cowley Bro., Inc., supra,* 292 F.2d at 108.

▄▄ Had the district court applied the "economic realities" test, it could only have concluded that the attendants were "employees" within the meaning of

---

1. One of the attendants, Mrs. Ramos, engaged in private alterations work, apparently without objection from Partida. The contention that the equipment used in this work, such as a sewing machine, scissors, thread, etc., constituted a contribution to a joint venture between Partida and Mrs. Ramos is entirely without merit since it is obvious that the alternations work was unrelated to the operation of the laundromat. *See also* note 2, *infra.*

the FLSA. Unlike independent contractors, these claimants provided no equipment, space, or capital. They bore no operational expenses, nor were they expected to exercise any business judgment. Their work was routine and uncomplicated, requiring no special skills or training "which an outside agency could better have supplied." *Strickland Transp. Co., supra,* 228 F.2d at 127. Without question, Mrs. Ramos and Mrs. Munoz were employees,[2] hence the district court erred in denying the injunctive relief sought by the Secretary.

Although the court below held that the attendants were independent contractors, it gratuitously found that the claimants did not work in excess of two hours each day, and that the remainder of the business day was "idle time" not spent predominantly for the employer's benefit. Because of the summary nature of the trial court's finding of fact, we are unable to discern the basis of the court's determination that the claimants worked only two hours each day. A hearing on remand is necessary, therefore, to determine the amount of time for which the claimants were entitled to be compensated under the FLSA.

■■ At the hearing, the applicable standard of proof will be that enunciated by the Supreme Court in Anderson v. Mt. Clemons Pottery Co., 1946, 328 U.S. 680, 687–688, 66 S.Ct. 1187, 1192, 90 L. Ed. 1515:

> [A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

In attempting to establish the amount of work performed by the attendants, the Secretary in the trial below relied heavily on the compliance officer's calculations that the claimants were entitled to compensation for fifteen hours a day, seven days a week.[3] While a compliance officer's testimony may be sufficient, if reasonably based upon sound underlying facts, to make a prima facie case for the employee and thereby cause the burden of proof to shift to the employer, *see* Wirtz v. Lieb, 10 Cir. 1966, 366 F.2d 412, the *Anderson* rule affords the employer the opportunity to disprove the reasonableness of the inference to be drawn from the employee's evidence.

On remand the district court will have to evaluate the accuracy and soundness of the compliance officer's computations, considered in the light of all the evidence adduced, and make findings of fact and conclusions of law concerning what additional compensation, if any, the employees are entitled to under the Act.

Reversed and remanded with directions.

2. We dismiss as frivolous the argument on appeal that the women were joint venturers since there can be no serious contention that the parties intended "a joint proprietary interest and a right of mutual control." Hyman v. Regenstein, 5 Cir. 1958, 258 F.2d 502, cert. denied, 1959, 359 U.S. 913, 79 S.Ct. 589, 3 L.Ed.2d 575.

3. That the claimants may have occasionally used substitutes in their place does not necessarily mean that they are to be denied compensation during the periods of their absence. If, as they claim, Partida was aware of and acquiesced in the temporary replacements, the attendants may be entitled to compensation. *See Strickland Transp. Co., supra,* 228 F.2d at 128–129, n. 14 and *Hinojosa, supra,* 432 F.2d at 265 and 266.